UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDREW ALOISI d/b/a ALOISI &
ALOISI,

        Plaintiff,

v.

WESTCHESTER FIRE INSURANCE
COMPANY and STATE NATIONAL
INSURANCE COMPANY,

        Defendants.

# EXHIBIT A
# NOTICE OF REMOVAL

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. *12-1514 B.L.S.*



*Andrew Aloisi d/b/a Aloisi + Aloisi* , Plaintiff(s)

v.

*Westchester Fire Insurance Company
and State National Insurance Company* , Defendant(s)

## SUMMONS

To the above-named Defendant: *Westchester Fire Insurance Company*

    You are hereby summoned and required to serve upon *Scott McConchie, Griesinger, Tighe + Maffei LLP*

plaintiff's attorney, whose address is *176 Federal Street, Boston, MA 02110* , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse,
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at Boston, the _____20th_____ day of
*April*_____, in the year of our Lord two thousand _12_ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) ANDREW ALOISI D/B/A ALOISI & ALOISI | DEFENDANT(S) 1. WESTCHESTER FIRE INSURANCE COMPANY and 2. STATE NATIONAL INSURANCE COMPANY |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott McConchie, Esquire Griesinger, Tighe & Maffei, LLP 176 Federal Street Boston, MA 02110 (617) 603-0917 Board of Bar Overseers number 634127 | ATTORNEY (if known) 1. David S. Sheiffer, Esquire Wilson, Elser, Moskowitz, Edelman & Dicker, LLP 150 East St., NY, NY 10017-5639 2. Amy E. Goganian, Esquire Goganian & Associates, LLC 197 First St., Suite. 330 Needham, MA 02494 |

Origin Code

Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BK.1 | Declaratory Judgment; Insurance Coverage | * (B) | (X) Yes      ( ) No |

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

In 2008, plaintiff Andrew Aloisi d\b\a Aloisi & Aloisi ("Aloisi & Aloisi") and one of its attorneys were named as defendants in a legal malpractice action. The plaintiffs in that action alleged that the attorney did not adequately protect their interests in connection with two short term loans the plaintiffs made to an individual (who later defaulted on the loans).

Defendant Westchester Fire Insurance Company ("Westchester"), which was Aloisi & Aloisi's malpractice insurer in 2008, has provided a defense to that action under a reservation of rights.

In 2010, the plaintiffs in the malpractice action moved to amend their complaint. The plaintiffs sought to add new allegations of malpractice related to different loan transactions with a different borrower (and not involving allegations of inadequate security).

The Superior Court subsequently allowed the plaintiffs' motion to amend. Westchester, which was already providing a defense to the initial claims of malpractice, agreed to provide a defense for the entire matter but only if the claims asserted in the original complaint remained part of the ongoing litigation. Westchester did not agree to provide indemnity for the new claims, however, and requested that Aloisi & Aloisi tender the matter to its current currier for a coverage determination.

Aloisi & Aloisi thereafter notified its current malpractice insurer, defendant State National Insurance Company ("State National"), of the new claims asserted in the amended complaint. State National, however, informed Aloisi & Aloisi that it would provide neither a defense nor indemnity to the new claims due to the policy's prior and pending litigation exclusion.

A trial in the malpractice action has been scheduled for October. Despite having uninterrupted coverage at all relevant times, Aloisi & Aloisi is now in the unenviable position of having no indemnity coverage for the new claims added to the litigation in 2010. Given that uncertainty, Aloisi & Aloisi seeks, inter alia, a declaratory judgment that either Westchester or State National is obligated to provide a defense and indemnity on the new claims asserted in the amended complaint.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judical Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____       DATE: April 19, 2012

American LegalNet, Inc. www.FormsWorkflow.com

CIVIL ACTION COVER SHEET
INSTRUCTIONS

SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

BA.1 claims relating to the governance and conduct of internal affairs of entities

BA.2 claims relating to employment agreements

BA.3 claims relating to liability of shareholders, directors, officers, partners, etc

BB.1 shareholder derivative claims

BB.2 claims relating to or arising out of securities transactions

BC.1 claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

BD.1 claims to determine the use or status of, or claims involving, intellectual property

BD.2 claims to determine the use or status of, or claims involving, confidential, propriety or trade secret information

BD.3 claims to determine the use or status of, or claims involving restrictive covenants

BE.1 claims involving breaches of contract or fiduciary, fraud, misrepresentation business torts or other violations involving business relationships

BF.1 claims under the U.C.C. involving complex issues

BG.1 claims arising from transactions with banks, investment bankers and financial advisers, brokerage firms, mutual and money funds

BH.1 claims for violation of antitrust or other trade regulation laws

BH.2 claims of unfair trade practices involving complex issues

BI.1 malpractice claims by business enterprises against professionals

BJ.1 claims by or against a business enterprise to which a government entity is a party.

BK.1 other commercial claims, including insurance, construction, real estate and consumer matters involving complex issues

TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BD3 | Restrictive covenants | (B) | ☒ Yes   ☐ No |

DUTY OF THE PLAINTIFF. The plaintiff, or plaintiff's counsel, shall set forth, in the face sheet a statement specifying in full detail the facts upon which the plaintiff then relies for "presumptive" entry into the Business Litigation Session. A copy of the civil action cover sheet shall be served on all defendants, together with the complaint.

DUTY OF THE DEFENDANT. Should the defendant contest the entry into the Business Litigation Session, the defendant shall file with the answer (or dispositive motion) a statement specifying why the action does not belong in the Business Litigation Session. Such Statement shall be served with the answer (or dispositive motion).

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCU-RATELY MAY RESULT IN THE TRANSFER OF THIS ACTION FROM THE BUSINESS LITIGATION SESSION TO ANOTHER APPROPRIATE SESSION OF THE SUPERIOR COURT.

* A special tracking order shall be created by the Presiding Justice of the Business Litigation Session at the Initial Rule 16 Conference.

American LegalNet, Inc.
www.FormsWorkflow.com



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                          SUPERIOR COURT

ANDREW ALOISI D/B/A ALOISI & ALOISI,

Plaintiff,                                    12-1514/3.⌐ ⌐

v.                                  Civil Action No.: _____

WESTCHESTER FIRE INSURANCE
COMPANY and STATE NATIONAL
INSURANCE COMPANY,

Defendants.

RECEIVED

APR 19 2012

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *Introduction*

1.      The plaintiff, Andrew Aloisi d\b\a Aloisi & Aloisi ("Aloisi & Aloisi"), is a law

firm which purchased professional liability insurance from defendant Westchester Fire Insurance

Company ("Westchester") and later from defendant State National Insurance Company ("State

National").

2.      In 2008, Aloisi & Aloisi and one of its attorneys were named as defendants in a

legal malpractice action.  The plaintiffs alleged that the attorney did not adequately protect their

interests in connection with two short term loans the plaintiffs made to an individual (who later

defaulted on the loans).

3.      Westchester, which was Aloisi & Aloisi's malpractice insurer at the time, has

provided a defense to that malpractice action under a reservation of rights.

4.  In 2010. the plaintiffs in the malpractice action moved to amend their complaint. The plaintiffs sought to add new allegations of malpractice related to different loan transactions with a different borrower (not involving allegations of inadequate security).

5.  The Superior Court subsequently allowed the plaintiffs' motion to amend. Westchester. which was already providing a defense to the initial claims of malpractice, agreed to provide a defense for the entire matter but only if the claims asserted in the original complaint remained part of the ongoing litigation. Westchester did not agree to provide indemnity for the new claims, however, and requested that Aloisi & Aloisi tender the matter to its current currier for a coverage determination.

6.  Aloisi & Aloisi thereafter notified its current malpractice insurer, State National, of the new claims asserted in the amended complaint. State National, however, informed Aloisi & Aloisi that it would provide neither a defense nor indemnity to the new claims due to the policy's prior and pending litigation exclusion.

7.  A trial in the malpractice action has been scheduled for October.  Despite having uninterrupted coverage at all relevant times, Aloisi & Aloisi is now in the position of having no indemnity coverage for the new claims added to the litigation in 2010.  Given that uncertainty, Aloisi & Aloisi seeks, *inter alia*, a declaratory judgment that either Westchester or State National is obligated to provide a defense and indemnity on the new claims asserted in the amended complaint.

### *Parties*

8.  Plaintiff Aloisi & Aloisi is a law firm with offices in Boston and Lynnfield, Massachusetts.

9.    Upon information and belief, defendant Westchester is a fire and casualty insurance company with a principal place of business in Philadelphia, Pennsylvania.

10.    Upon information and belief, defendant State National is a fire and casualty insurance company with a principal place of business in Bedford, Texas.

### *Jurisdiction and Venue*

11.    This Court has jurisdiction over the defendants pursuant to Mass. G.L. c. 223A, § 3(a) and (b) because the claims in this action arise out of the defendants' transaction of business in the Commonwealth of Massachusetts.

12.    Venue is proper in Suffolk County because Aloisi & Aloisi is located in Boston and pursuant to the rules of the Business Litigation Session.

### *Facts*

### *Aloisi & Aloisi's Malpractice Insurance from 2007 to 2011*

13.    Westchester issued a Claims-Made and Reported Lawyers Professional Liability Policy to Aloisi & Aloisi, Policy No. LPL-G2390 7318 001, effective June 6, 2007 through June 6, 2008, with liability limits of $3,000,000 per claim and a $3,000,000 annual aggregate (the "Westchester Policy"). Aloisi & Aloisi renewed the Westchester Policy for the June 6, 2008 to June 6, 2009 policy year.

14.    State National issued a Claims-Made and Reported Lawyers Professional Liability Policy to Aloisi & Aloisi, Policy No. SLA0012886, effective June 6, 2009 through June 6, 2010, with liability limits of $2,000,000 per claim and a $2,000,000 annual aggregate (the "State National Policy"). Aloisi & Aloisi renewed the State National Policy for the June 6, 2010 to June 6, 2011 policy year.

- 3 -

*The Original Demeter Complaint*

15.     On April 7, 2008, former clients of Aloisi & Aloisi filed a complaint against Aloisi & Aloisi and one of its attorneys, Bruce Miller.  That case, currently pending in Essex County Superior Court, is captioned as Steven Demeter, *et al.* v. Bruce Miller, *et al.*, Civil Action No. 08-697-C (the "Demeter Litigation").

16.     In the Demeter Litigation, the plaintiffs initially alleged that on or about December 1, 2005, they retained Miller to document and close a six-month high-interest loan that the plaintiffs intended to make to Paul D. Quinn.  The plaintiffs alleged that the loan closed on December 29, 2005.

17.     The plaintiffs also alleged that Miller represented them in a second loan transaction with Quinn, which closed on February 2, 2006.

18.     With respect to both loans to Quinn, the plaintiffs alleged that the defendants' negligence and professional malpractice caused the loans to proceed without adequate collateral, and that they were harmed when Quinn defaulted on the loans (the "Quinn Claims").

**Defense of the Demeter Litigation**

19.     The Westchester Policy was a claims made policy.  Because the Demeter Litigation was filed during the period of time in which Westchester insured Aloisi & Aloisi, Westchester assumed the defense of the Demeter Litigation (albeit under a reservation of rights).

20.     On June 1, 2010, the defendants filed a motion for summary judgment.

21.     On or about July 16, 2010, the plaintiffs moved to amend their complaint, which the defendants opposed.  Among other reasons, the defendants argued that the new malpractice claims were barred by the statute of limitations if not allowed to relate back to the filing date of the Complaint.

22.     The Court granted the motion to amend without a hearing on August 11, 2010.

- 4 -

*The Amended Complaint*

23.     In the Amended Complaint, the plaintiffs added allegations regarding two loans made to David Solomont and his wife (the "Solomont Claims"). The closing for the first loan took place on October 3, 2005. The second loan closed on January 6, 2005.

24.     Unlike the allegations concerning the Quinn Loans, the plaintiffs did not make any allegations about inadequate security with respect to the loans made to the Solomonts. Instead, the plaintiffs alleged that Miller and Aloisi & Aloisi had represented the Solomonts in a variety of legal matters but had failed to timely disclose that information to the plaintiffs.

25.     The plaintiffs further alleged that the defendants failed to disclose that the "Solomonts were undergoing considerable financial hardships, had been the subject of several lawsuits and collections actions as a result of their failure to repay loans, and had been represented by Miller in such lawsuits."

26.     The plaintiffs alleged that had they been informed of the full extent of the defendants' representation of the Solomonts and/or revealed the extent of their financial troubles, they would have taken greater efforts to investigate the Solomonts' ability to repay the loans and would not have granted the loans.

**Westchester Disclaims Coverage of the Solomont Claims**

27.     On September 22, 2010, after the Court permitted the plaintiffs to amend their complaint in the Demeter Litigation, Westchester advised Aloisi & Aloisi that it would continue to provide a defense for the entire Demeter Litigation but *only if* the claims asserted in the original complaint (i.e., the Quinn Claims) remained part of the ongoing litigation. That is, if the Quinn Claims were dismissed, Westchester reserved the right to withdraw its defense.

28.    In addition, Westchester did not commit to provide indemnity for the Solomont Claims, and requested that Aloisi & Aloisi tender this matter to [its] current carrier for a coverage determination."

29.    In its coverage analysis, Westchester cited SECTION III – LIMIT OF LIABILITY AND DEDUCTIBLE of the Westchester Policy for the proposition that because "the amended claims do not arise out of the same or related error as the original complaint, they cannot be considered a single claim for the purpose of this insurance."

30.    SECTION III does not purport to delineate the scope of coverage; it merely sets out limits on liability.

31.    Westchester also relied on SECTION I – COVERAGE, stating that because the Westchester Policy had expired when the Solomont Claims were added to the Demeter Litigation, and because no extended reporting period endorsement had been purchased, the Solomont Claims were not covered.

32.    The definition of "Claim" in the policy includes "the filing of **Suit** or the institution of arbitration or mediation proceedings naming the **Insured** and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services**." (Emphasis in original.)

33.    The Demeter Litigation was filed during the policy period.

34.    Westchester's analysis also included a citation to a provision concerning illegal, criminal and intentional acts.

35.    The Solomont Claims do not involve allegations of illegal, criminal or intentional acts.

36.    Finally, Westchester cited an "Other Insurance" provision in its analysis.

- 6 -

37.    Westchester is aware that State National has disclaimed coverage of the Solomont Claims.

### State National Disclaims Coverage of the Solomont Claims

38.    After Westchester advised Aloisi & Aloisi to obtain a coverage opinion from its current insurer, Aloisi & Aloisi notified State National of the Solomont Claims.

39.    On October 25, 2010, State National informed Aloisi & Aloisi that it would provide neither a defense nor indemnity.

40.    State National primarily relied on a prior and pending litigation exclusion in the operative policy, which provides as follows:

> In consideration of the premium paid, it is hereby understood and agreed that the Company has no duty to defend or indemnify an INSURED for, and this policy does not apply to any CLAIM based upon or arising out of any demand, suit or proceeding pending, or order decree, settlement or judgment entered against the NAMED INSURED as of 06/06/2009, or alleging or derived from the same or essentially the same facts as alleged in such pending or prior litigation or demand.

41.    Aloisi & Aloisi advised State National of the Demeter Litigation in its June 2009 application.

42.    The Solomont Claims did not arise out of any "suit ... as of 06/06/2009." In 2008 and 2009, the Demeter Litigation concerned only the Quinn Claims. The Solomont Claims, and the facts giving rise to those claims, were not pending until 2010.

43.    Aloisi & Aloisi was not aware of the Solomont Claims until 2010.

44.    Had the plaintiffs in the Demeter Litigation not been permitted to amend their complaint, and instead filed a new action concerning the Solomont Claims, State National would have no basis to rely on the prior and pending litigation exclusion.

### Trial Is Scheduled in the Demeter Litigation

45.    The defendants moved for summary judgment in the Demeter Litigation.

46. The Court denied the motion for summary judgment in December 2011.

47. The Court has set an October 1, 2012 trial date.

48. Although Westchester is still providing a defense in the Westchester Litigation, Aloisi & Aloisi is in the unenviable position of having both Westchester and State National disclaiming coverage for the Solomont Claims.

## COUNT I
### Declaratory Judgment
### (Against Westchester and State National)

49. Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

50. Aloisi & Aloisi has maintained malpractice insurance from 2007 to the present, and has paid Westchester and State National significant premiums.

51. The Solomont Claims are within the coverage of the Westchester Policy and/or the State National Policy.

52. Westchester has refused to acknowledge its duty to indemnify the Solomont Claims, and is conditionally providing a defense.

53. State National has refused to acknowledge its duty to defend and indemnify the Solomont Claims.

54. The coverage positions of Westchester and State National creates an actual case or controversy between them and Aloisi & Aloisi concerning their duties and obligations under their respective policies.

55. Aloisi & Aloisi is entitled to a declaration that Westchester and/or State National has a duty to defend and indemnify Aloisi & Aloisi for the Solomont Claims.

## COUNT II
### Breach of Contract
### (Against Westchester)

56.     Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

57.     Aloisi & Aloisi has complied with all applicable conditions precedent contained in the Westchester Policy.

58.     None of the exclusions in the Westchester Policy preclude coverage for the Solomont Claims.

59.     Under the Westchester Policy, Westchester has a duty to defend and a duty to indemnify Aloisi & Aloisi for all of the claims asserted in the Demeter Litigation.

60.     Westchester has materially breached its obligation under the Westchester Policy by conditionally providing a defense to the Solomont Claims and by refusing to acknowledge its indemnity obligations vis-à-vis the Solomont Claims.

61.     As a direct and proximate result of Westchester's breach, Westchester has deprived Aloisi & Aloisi of the benefit of the Westchester Policy for which Aloisi & Aloisi paid substantial premiums, and has caused Aloisi & Aloisi to incur legal fees and expenses in attempting to secure coverage for the Solomont Claims.

62.     If the plaintiffs in the Demeter Litigation prevail on the Solomont Claims, Aloisi & Aloisi's damages will increase accordingly, as it currently lacks coverage for those claims.

63.     Aloisi & Aloisi has been damaged in an amount to be proven at trial, plus interest and appropriate damages.

## COUNT III
### Breach of Contract
### (Against State National)

64.     Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

65.     Aloisi & Aloisi has complied with all applicable conditions precedent contained in the State National Policy.

66.     None of the exclusions in the State National Policy preclude coverage for the Solomont Claims.

67.     Under the State National Policy, State National has a duty to defend and a duty to indemnify Aloisi & Aloisi for the Solomont claims.

68.     State National has materially breached its obligation under the State National Policy by conditionally by refusing to acknowledge its duty to defend and indemnity obligations vis-à-vis the Solomont Claims.

69.     As a direct and proximate result of State National's breach, State National has deprived Aloisi & Aloisi of the benefit of the State National Policy for which Aloisi & Aloisi has paid substantial premiums, and has caused Aloisi & Aloisi to incur legal fees and expenses in attempting to secure coverage for the Solomont Claims.

70.     If the plaintiffs in the Demeter Litigation prevail on the Solomont Claims, Aloisi & Aloisi's damages will increase accordingly, as it currently lacks coverage for those claims.

71.     Aloisi & Aloisi has been damaged in an amount to be proven at trial, plus interest.

## COUNT IV
### Breach of Covenant of Good Faith and Fair Dealing
### (Against Westchester)

72.     Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

73.     As with all contracts, the Westchester Policy contains an implied covenant of good faith and fair dealing.

74.     Westchester is prohibited from doing anything that will have the effect of destroying or injuring the right of Aloisi & Aloisi to receive the fruits of the Westchester Policy.

75.     Westchester breached the duty of good faith and fair dealing implied in the Westchester Policy through its bad faith conduct, in which it engaged with the specific intent to deprive Aloisi & Aloisi coverage under the Westchester Policy.

76.     As a result of Westchester's breach of the duty of good faith and fair dealing, Aloisi & Aloisi has been damaged in an amount to be proven at trial, plus interest.

## COUNT V
### Breach of Covenant of Good Faith and Fair Dealing
### (Against State National)

77.     Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

78.     As with all contracts, the State National Policy contains an implied covenant of good faith and fair dealing.

79.     State National is prohibited from doing anything that will have the effect of destroying or injuring the right of Aloisi & Aloisi to receive the fruits of the State National Policy.

80.     State National breached the duty of good faith and fair dealing implied in the State National Policy through its bad faith conduct, in which it engaged with the specific intent to deprive Aloisi & Aloisi coverage under the State National Policy.

81.     As a result of State National's breach of the duty of good faith and fair dealing, Aloisi & Aloisi has been damaged in an amount to be proven at trial, plus interest.

- 11 -

## COUNT VI
### Violation of Chapter 93A and 176D
### (Against Westchester)

82.     Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

83.     Westchester's conduct as described herein took place in a business context.

84.     Westchester has wrongfully denied coverage for the Solomont Claims.

85.     Despite repeated requests, Westchester has refused to acknowledge coverage for the Solomont Claims.

86.     All conditions precedent have been satisfied by Aloisi & Aloisi, including the sending of a demand letter to Westchester.

87.     Westchester's wrongful denial of coverage constitutes bad faith. Among other things, Westchester has no reasonable justification for its denial of coverage.

88.     Westchester's conduct as described herein violates Mass. G.L. c. 176D, § 3(9)(a).

89.     Westchester's actions, as described above, constitute a violation of G.L. c. 93A, §§ 2 and 9, entitling Aloisi & Aloisi to damages, costs and attorneys' fees.

90.     Westchester's actions, as described above, have been knowing and willful, entitling Aloisi & Aloisi to an award of multiple damages.

## COUNT VII
### Violation of Chapter 93A and 176D
### (Against State National)

91.     Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

92.     State National's conduct as described herein took place in a business context.

93.     State National has wrongfully denied coverage for the Solomont Claims.

- 12 -

94.      Despite repeated requests, State National has refused to acknowledge coverage for the Solomont Claims.

95.      All conditions precedent have been satisfied by Aloisi & Aloisi, including the sending of a demand letter to State National.

96.      State National's wrongful denial of coverage constitutes bad faith.  Among other things, State National has no reasonable justification for its denial of coverage.

97.      State National's conduct as described herein violates Mass. G.L. c. 176D, § 3(9)(a).

98.      State National's actions, as described above, constitute a violation of G.L. c. 93A, §§ 2 and 9, entitling Aloisi & Aloisi to damages, costs and attorneys' fees.

99.      State National's actions, as described above, have been knowing and willful, entitling Aloisi & Aloisi to an award of multiple damages.

### COUNT VIII
### Attorneys' Fees for Establishing Duty to Defend
### (Against Westchester and State National)

100.      Aloisi & Aloisi realleges the allegations contained in the foregoing paragraphs and incorporates those allegations by reference as if fully restated herein.

101.      Under well-settled case law, Aloisi & Aloisi is entitled to its reasonable fees and expenses in establishing the insurer's duty to defend.  See Hanover Ins. Co. v. Golden 436 Mass. 584, 586 (2002).

102.      Either Westchester or State National, or both of them, owes Aloisi & Aloisi a defense to the Solomont Claims.

103.      Either Westchester or State National, or both of them, is liable for Aloisi & Aloisi's reasonable fees and expenses, plus interest.

- 13 -

WHEREFORE, Aloisi & Aloisi prays that the Court enter judgment in its favor and

award:

1.     A declaratory judgment that Westchester and/or State National is obligated to

provide a defense and indemnity for the Solomont Claims;

2.     Money damages in an amount to be proved at trial, as well as multiple damages

under G.L. c. 93A;

3.     Costs and attorneys' fees; and

4.     Any other and further relief as is just and proper.

### JURY DEMAND

Aloisi & Aloisi demands a trial by jury on all claims so triable.


Respectfully submitted,

ALOISI & ALOISI,

By their counsel,

_____
Thomas F. Maffei (BBO # 313220)
*tmaffei@gtmllp.com*
Scott McConchie (BBO # 634127)
*sm@gtmllp.com*
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA  02110
Tel:  617-542-9900
Fax:  617-542-0900

Dated:  April 19, 2012